## PORTER, Respondent, v. LIEN, Appellant.

### (153 N. W. 905.)

(File No. 3726.    Opinion filed August 7, 1915.)

1. **Appeals—Brief—Insufficient Statement—Amended Brief, Consideration of, Although Irregular.**

   Where appellant's brief fails to contain a sufficient statement of the case, or assignment of error, yet, although objected to by respondent, the Supreme Court will, where the brief has been amended after respondent's brief was filed, consider appellant's briefs, although, as amended, they fail to comply with the law or rules of court relative to appeals, but do contain sufficient assignments of error to present the merits of the case.

2. **Appeals—Error—Evidence—Parol to Show Corporate Purposes, Admissibility—Harmless Error.**

   In a suit by receiver of a corporation to recover money paid by the corporation's manager for bank stock sold by defendant, there being no evidence that the corporation purchased the stock, held, that the admission of parol evidence to show the purpose for which the corporation was incorporated, the object being to show it was not authorized to buy bank stock, was immaterial, and not prejudicial error.

3. **Appeals—Evidence—Immaterial Evidence—Harmless Error.**

   Where error is predicated upon exclusion of evidence which is immaterial and not beneficial to appellant, the ruling will not be disturbed on appeal.

4. **Corporations—Authority of Secretary and Manager, Purchase of Bank Stock by—Vendor's Assumption of Manager's Authority—Sufficiency of Evidence.**

   The fact that the secretary and general manager of a corporation engaged in dealing in grain, lumber, and coal, and conducting a line of elevators, had authority to draw and sign checks in company's name, and was held out by its officers and directors as its general manager, did not warrant the owner of bank stock to assume that such manager had authority to purchase such stock with the company's funds.

5. **Corporations—Misuse of Funds, Purchase of Bank Stock With— Ratification Through Non-Discovery of Payment—Evidence.**

   The contention that a corporation, through failure of its officers to discover misuse of its funds by its general manager for about two years, thereby ratified a purchase by the manager of bank stock with company funds, its not tenable; it not appearing that they had any reason to believe or suspect that the company's funds were being misused, or that they had any occasion to make such examination of his accounts as would have disclosed such misuse, or that vendor's liability or condition would have been changed by an earlier discovery.

6. **Corporations—Misuse of Funds, Bank Stock Purchase With—Fraud in Law by Vendor—Intent—Restitution.**

Where a bank stock owner sells same to the manager of a domestic corporate elevator company, it not appearing that the manager pretended, or that appellant vendor claimed at the time, that the purchase was made on the company's behalf, and the stock purchase was not within the apparent scope of his authority as manager, held, that the taking of the company's money by vendor, under circumstances disclosed, amounted to a fraud in law, and the vendor, who received the company's check for the stock, drawn by such manager, should make restitution to the company, though he did not intend to defraud it.

Appeal from Circuit Court, Grant County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Clement F. Porter, receiver of the Independent Elevator Company, a domestic corporation, against C. H. Lien, to recover moneys paid to defendant by plaintiff's manager, for bank stock. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Geo. S. Rix,* for Appellant.

*Campbell, Walton, McNulty & Campbell,* and *Howard Babcock,* for Respondent.

(1) Under point one of the opinion, Respondent cited: State v. Doran, 28 S. D. 486, 134 N. W. 53; Sanford v. Helgerson, 141 N. W. 390; Dring v. St. Lawrence Twp., 140 N. W. 246; Reeves & Co. v. McGee, 145 N. W. 544; Duprel v. Collins, 146 N. W. 593.

(3) Under point three of the opinion, Respondent cited: Share v. Coats, 137 N. W. (S. D.) 402.

(4) Under point four of the opinion, Respondent cited: Rochester Co. v. Paviour, 164 N. Y. 261, 52 L. R. A. 790; Lamson v. Beard, 45 L. R. A. 822, 94 Fed. 30, 36 C. C. A. 56; Emerado Elevator Co. v. Farmers Bank, 127 N. W. (N. D.) 522, 29 L. R. A. (N. S.) 567; Debaca v. Higgins, 143 Pac. (Colo.) 832.

(5) Under point five of the opinion, Appellant cited: Current Law 1, 56; 5 Current Law, 71; Singer Sewing Machine Co. v. Berger, 138 N. W. 741.

Respondent cited: Hamlin Wizard Oil Co. v. U. S. Express Co., 106 N. E. (Ill.) 623; Welsh v. German-American Bank, 29 Am. Rep. (N. Y.) 175; Haswell v. Standring, 132 N.

W. (Ia.) 417; Combs vs. Scott, 12 Allen (Mass.) 493; Valley Bank v. Brown, 83 Pac. 362; Faust v. Hosford, 93 N. W. (Ia.) 58; Kilbourne · v. Sunderland, 130 U. S. 505, 32 L. Ed. 1005; Anderson v. Northrop, 30 Fla. 643, 12 So. 326.

POLLEY, J. Plaintiff is the receiver of the Independent Elevator Company, a domestic corporation, and brought this action to recover from defendant certain money, alleged to belong to said company, that one A. J. Norby, the manager of said company, had paid defendant for stock in a Minneapolis bank. It is not disputed that the stock was paid for with a check signed by the Independent Elevator Company, nor that defendant knew that the check was paid out of the funds of said Elevator Company. The defense is that defendant supposed that he was selling the stock to the Elevator Company, and that he believed that the said Norby, as manager of said company, had authority to purchase said stock for said company and pay for it with the company's funds. · The undisputed evidence showed that the said Norby took said stock in his own name, treated it as his own, and later sold it as his own. It was shown that he never had authority to buy it for, or with the funds of, the Elevator Company, nor that any of the officers or directors of said company ever had any knowledge of the purchase of said stock or of the misuse of said money until after the appointment of the receiver. The trial court directed a verdict in favor of plaintiff for the amount claimed in the complaint, and defendant appeals from the judgment and order denying his motion for a new trial.

[1] At the outset we are met by the objection from respondent to the consideration of appellant's brief for the reason that said brief does not contain a sufficient statement of the case or assignment of error to properly present any matter for the consideration of this court. After respondent had filed his brief, appellant amended his brief by adding some essential matters, so that, while it by no means complies with the law or rules of court relative to appeals, it does present the alleged errors, or at least sufficient of them to present the merits of the case.

[2] At the trial the court admitted parol evidence to show the purpose for which the said Elevator Company was incorporated; the object being to show that said corporation was not authorized to buy bank stock. This was objected to by appellant,

for the reason, among others, that it was not the best evidence, and that no sufficient foundation had been laid for the admission of secondary evidence. As there was no evidence to show that the Elevator Company ever purchased the stock in question, it was immaterial whether that company had authority to purchase bank stock or not; therefore appellant was not prejudiced by such evidence, and it is not necessary to inquire into the correctness of the ruling of the court in admitting it.

[3] Error is predicated upon the exclusion of certain conversations that took place between defendant and the said Norby about the time of the issuance of the bank stock in question. How this evidence was material or would have been beneficial to the appellant does not appear, and the ruling of the trial court will not be disturbed.

At the close of respondent's evidence appellant moved for a verdict, and at the close of all the evidence respondent moved for a verdict. The former motion was denied, and the latter granted. These rulings are assigned as error, and are urged by appellant as grounds for reversal. These assignments go to the sufficiency of the evidence to support the verdict.

[4] Appellant's only defense is that he believed that he was selling the stock to the Elevator Company, and that the said Norby, as manager of said company, had authority to purchase said stock and pay for it with the Elevator Company's funds. This assumption is without any support whatever in the evidence. The Elevator Company was engaged in the business of buying and selling grain, lumber, and coal. There is nothing in its name to suggest to appellant that it was engaged in any other business, or that it had authority to engage in any other business. It was conducting a line of elevators. This certainly could not lead appellant to believe that it had authority to deal in bank stock, or that its general manager had authority to use the company's funds with which to purchase such stock. Appellant contends that the Elevator Company held the said Norby out to the public as its general manager and agent, and that from said fact appellant had a right to assume that Norby had authority to use the company's funds to purchase the stock in question. There is no warrant for any such assumption. It is true that Norby was the general manager of the Elevator Company. He was the

secretary of that company, and had authority to draw and sign checks in the name of the company, and the officers and directors of the company did hold him out to the public as the general manager of the company's business; but, as we have already seen, that company's business was the buying and selling of grain, lumber, and coal, and there was nothing in the conduct of the officers to imply that Norby had authority to deal in any other commodities.

[5] It is next contended by appellant that the purchase of the bank stock had been ratified by the Elevator Company. This claim is based solely upon the fact that the officers of the Elevator Company did not discover the misuse of the money paid appellant for a period of about two years after it had been so used. This of itself does not show a ratification. It is not shown that the officers of the company ever had any reason to believe or suspect that the funds of the company were being misused, or that they had occasion to make such an examination of Norby's accounts as would have disclosed a misuse of the funds. It was not shown that appellant's liability would have been different had the loss been discovered sooner nor that appellant's condition had changed in the meantime.

[6] It nowhere appears, nor does appellant claim, that Norby pretended at the time he purchased the stock that he was purchasing it on behalf of the company. The purchase of the stock was not within the apparent scope of his authority as manager of an elevator company, and while it does not appear that appellant intended to defraud the Elevator Company, or that he entered into any scheme or understanding with said Norby to defraud that company, yet the taking of the Elevator Company's money under the circumstances disclosed by this record amounted to a fraud in law, and it is incumbent upon appellant to make restitution. Respondent was entitled to a verdict under any view of the facts, and it was the duty of the court to so instruct the jury.

The judgment and order appealed from are affirmed.